## Blue Cross v. Platt

*Joseph F. Orso III,* for plaintiff.
*Clifford A. Rieders,* for defendants.

SMITH, *J.,* January 31, 1989 — On June 29, 1985, defendants, Andrew Coffman and Steven Platt, were involved in an automobile accident with Frederick Berrigan at the intersection of Route 87 and Interstate 180. Both defendants were injured and required medical treatment. Both defendants were then employed by the George E. Logue Company and were provided with Blue Cross Blue Shield Health Insurance.

Blue Cross Blue Shield paid medical benefits to defendant Coffman in the amount of $7,220.57 and to defendant Platt in the amount of $7,470.45. Both defendants instituted separate personal-injury actions against Berrigan. Plaintiff, throughout the settlement negotiations, informed both defendants of their subrogation interest as it is set forth in the provider agreement. When defendants failed to honor plaintiff's subrogation interest, plaintiff filed suit to recover the medical benefits paid to defendants.

Plaintiff has filed a motion for partial summary judgment alleging that it is entitled to a judgment

on liability since the subrogation clause is valid and enforceable. Plaintiff further argues that for defendants to refuse to honor the subrogation interest would allow them a double recovery or unjust enrichment. Plaintiff also argues that even if the provider agreement did not contain a subrogation clause, subrogation is an equitable right.

Defendants have also filed a motion for summary judgment alleging that the plaintiff has no valid subrogation interest with defendants either by contract or as a matter of law. Defendants assert that since they were not a party to the provider contract, they are donee beneficiaries, and are not bound by the contract provision.

While the cases are legion that hold that the right of subrogation is equitable in nature, neither has the plaintiff cited, nor has this court found a case which provides for a right of subrogation absent a provision in the insurance contract providing for such right. Therefore, this court is not going to expand the right of recovery by subrogation on the theory of it being an equitable right.

It is clear plaintiff contracted with the defendants' employer and not with the defendants as individuals. As third-party beneficiaries, defendants are not parties to the contract and are not bound by the provision providing for subrogation rights. 8 P.L.E. Contracts §201.

## ORDER

And now, January 31, 1989, after briefing and argument, plaintiff's motion for partial summary judgment is denied; and defendants' motion for summary judgment is granted; and it is ordered and directed that summary judgment is entered in favor of defendants and against plaintiff.